United States District Court
Southern District of Texas

**ENTERED**
June 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Yvonne A. Bonner, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-4273 |
| | § | |
| PHH Mortgage Corporation, | § | |
| *Defendant.* | § | |

**MEMORANDUM AND RECOMMENDATION**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 6. Pending before the court is Defendant PHH Mortgage Corporation's (PHH) Motion to Dismiss. ECF No. 24. The court recommends that the Motion be **GRANTED**.

### 1. Background

This suit arises from an allegedly unlawful foreclosure proceeding. Plaintiff Yvonne Bonner filed suit against PHH in state court on August 29, 2025. ECF No. 1-1 at 5. Bonner alleges that she owns a property that was "posted for foreclosure for September 2, 2025." ECF No. 1-1 at 6. Bonner alleges that she did not receive the required notice of the foreclosure. *Id.*

The state court entered a Temporary Restraining Order prohibiting the foreclosure from proceeding. ECF No. 1-1 at 18–20. PHH then removed the case to federal court based on diversity jurisdiction and filed a Motion to Dismiss. ECF No. 1; ECF No. 5. Bonner proceeded pro se in federal court until she retained counsel, who filed a Notice of Appearance on December 17, 2025. ECF No. 17. Bonner's counsel appeared at a scheduling conference that same day. ECF No. 18. At that hearing, the court denied PHH's Motion to Dismiss and ordered Bonner to file an amended

complaint by January 20, 2026. *Id.* The court ordered that the amended complaint shall address deficiencies listed in PHH's Motion to Dismiss and stated that "[a]dditional leave to amend is unlikely to be granted to address deficiencies already raised." *Id.*

Bonner failed to amend her complaint. *See* ECF No. 22. Thus, the active pleading is Bonner's state court Petition. *See* ECF No. 23. Bonner's Petition does not clearly state any specific causes of action against PHH. Bonner merely states that she did not receive notice of the foreclosure that was scheduled for September 2, 2025. ECF No. 1-1 at 6. Bonner seeks declaratory judgment and injunctive relief and argues that PHH must prove that it has the right to foreclose upon the property. *Id.* at 6–8.

PHH filed a Motion to Dismiss, which is currently pending before the court. ECF No. 24. PHH argues that Bonner failed to plead sufficient facts to support a viable cause of action. *Id.* According to PHH, Bonner's claim for lack of notice of the foreclosure fails because no foreclosure ever occurred. *Id.* at 1–3. Bonner failed to respond to the Motion to Dismiss.

### 2.  *Legal Standard and Analysis*

In the Southern District of Texas, a failure to timely respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a dispositive motion should not be granted simply because there is no opposition, even if failure to respond violated a local rule. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Thus, the court conducts the required analysis under Rule 12(b)(6).

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff

has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011).

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019).

As the court explained above, Bonner does not clearly identify any causes of action in her Petition. To the extent that Bonner alleges that PHH violated Texas Property Code § 51.002 by attempting to foreclose without providing the required notice of foreclosure, Bonner has failed to state a claim. Section 51.002 does not create a private right of action. *Carey v. Fargo*, No. 15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (citing *Ashton v. BAC Home Loans Servicing, L.P.*, No. 13-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013)).

Courts have construed claims for violation of § 51.002 as claims for wrongful foreclosure. *Carey*, 2016 WL 4246997, at *3. Bonner has not alleged that any foreclosure sale occurred. It appears that the state court enjoined the September 2025 foreclosure before the case was removed to this court. Bonner does

3

not allege any other facts showing that a foreclosure took place. As such, Bonner has failed to state a claim for wrongful foreclosure. *See Bishop Glob. Family Tr. v. Select Portfolio Servicing, Inc.*, No. 25-CV-0560, 2025 WL 1918848, at *3 (S.D. Tex. July 10, 2025) (holding that a foreclosure sale is a precondition to recovery for wrongful foreclosure); *Smith v. J.P. Morgan Chase Bank N/A*, No. H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010).

Bonner also appears to request an accounting. *See* ECF No. 1-1 at 7. PHH argues that Bonner is not entitled to an accounting. ECF No. 24 at 4. "An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Saenz v. JP Morgan Chase Bank, N.A.*, No. 13-CV-156, 2013 WL 3280214, at *5 (S.D. Tex. June 27, 2013) (quoting *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied)). Nothing in the Petition suggests that the facts and accounts are so complex that an adequate remedy cannot otherwise be obtained. Bonner has not alleged that she is entitled to an accounting.

In her Petition, Bonner also states that she should receive attorney's fees "[i]n addition to the attorney fees granted by way of TILA referred to above[.]" ECF No. 1-1 at 8. Bonner does not allege any claims under the Truth in Lending Act (TILA) or otherwise mention TILA in her Petition. Thus, the court recommends that Bonner's request for attorney's fees be **DENIED**.

For all the foregoing reasons, the court recommends that PHH's Motion to Dismiss, ECF No. 24, be **GRANTED** and Bonner's claims be **DISMISSED**.

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, she "must give the court at least

4

some notice of what . . . her amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted).

The court granted Bonner leave to amend, and she failed to file an amended complaint. Bonner did not respond to the Motion to Dismiss, did not request additional leave to amend, nor did she propose any amendments to her claims. Bonner did not explain how deficiencies in her Petition could be cured. Thus, any request for leave to amend is **DENIED**.

### 3. Conclusion

The court recommends that PHH's Motion to Dismiss, ECF No. 24, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 22, 2026.

_____
Peter Bray
United States Magistrate Judge

5